UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| BRANDON SMITH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CV423-283 |
| JOHN T. WILCHER, *et al.*, | ) ) ) |
| Defendant. | ) ) |

# ORDER AND REPORT AND RECOMMENDATION

*Pro se* prisoner Brandon Smith sought leave to proceed *in forma pauperis* (IFP) in this action alleging Defendants' interference with his mail. *See* doc. 1 (Complaint); doc. 2 (IFP application). His initial application to proceed IFP was insufficient; aside from Plaintiff's name and signature, it was completely blank and contained none of the required financial information. *See* doc. 2; doc. 3 at 1. The Court directed Plaintiff to supplement his motion to proceed IFP by "provid[ing] all requested financial information." Doc. 3 at 1. Plaintiff returned the form to supplement his IFP application. Doc. 4. The sections pertaining to Plaintiff's financial status are, once again, blank. *Id.* Plaintiff was warned that failing to respond to the Court's Order to provide "all

requested financial information" could result in the Court denying his request to proceed IFP and recommending the dismissal of his case. Doc. 3 at 1. As such, the Court at this time might recommend denial of Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*. Docs. 2 & 4. The Court might also, therefore, afford him an opportunity to pay the filing fee, *see* S.D. Ga. L. Civ. R. 4.2(2). However, as discussed below, his failure to comply with the Court's Order obviates the need for any such opportunity. The blank IFP motions are **DISMISSED** moot. Docs. 2 & 4.

Plaintiff's case should be **DISMISSED** for his failure to comply with the Court's Order, doc. 3, and provide the requested financial information necessary to make an IFP determination. The Federal Rules provide that "[i]f a plaintiff fails to prosecute or to comply with these rules or a court order," an action may be dismissed. Fed. R. Civ. P. 41(b). "A district court may sua sponte dismiss an action under Federal Rule of Civil Procedure 41(b) for the plaintiff's failure to comply with a court order." *Royster v. Darling*, 195 F. App'x 537, 538 (8th Cir. 2006). This Court's Local Rules authorize dismissal for "[w]illful disobedience or neglect of any order of the Court." S.D. Ga. L. Civ. R. 41.1(b). "The district

court's power to dismiss is an inherent aspect of its authority to enforce its orders," Brown v. Tallahassee Police Dept., 205 F. App'x 802, 802 (11 Cir. 2006), and "[d]ismissal pursuamt to Rule 41(b) 'upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.'" *Id.* (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989.). The Court therefore **RECOMMENDS** that this case be **DISMISSED**.[1]

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

---

[1] To the extent that Smith's lack of response was an attempt to indicate a lack of financial resources, the objections period, discussed below, affords him a final opportunity to file a complete Application to proceed Without Prepaying Fees to supplement his motion for leave to proceed *in forma pauperis*, doc 2. To this end, the Clerk is **DIRECTED** to include with this Order a copy of the Application to Proceed Without Prepayment of Fees, Form AO 240. If Plaintiff has no assets, Plaintiff *must* indicate, in some written form, that he has no assets. "Not applicable," "N/A," and "—," are all acceptable possible responses to the questions on the IFP application form.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 17th day of October, 2023.

*/s/ Christopher L. Ray*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA