UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| BRANDON SMITH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CV423-283 |
| JOHN T. WILCHER, *et al.*, | ) ) ) |
| Defendants. | ) ) |

## ORDER

Plaintiff Brandon Smith, a prisoner at the Chatham County Detention Center, seeks to proceed *in forma pauperis* (IFP) in this action alleging interference with his mail. *See* doc. 1 (Complaint); doc. 2 (IFP). Plaintiff's motion for leave to proceed IFP was completely blank aside from his name and signature. *See* doc. 2. The Court directed him to file a supplemental motion "provid[ing] all requested financial information." Doc. 3 at 1. The supplemental motion for leave to proceed IFP was similarly blank. *See* doc. 4. Consequently, the Court recommended that Plaintiff's Complaint be dismissed for failure to comply with the Court's order to provide the requested financial information necessary to make an IFP determination. Doc. 6. However, the Court afforded Plaintiff a

final opportunity to supplement his motion to proceed IFP during the objections period to the Court's Report and Recommendation. *Id.* at 3 n.1. Plaintiff has timely filed a supplemental motion to proceed IFP that provides the necessary financial information to make an IFP determination. Doc. 7. After reviewing Plaintiff's application, it appears that he lacks sufficient resources to prepay the filing fee. Accordingly, the Court **GRANTS** Plaintiff leave to proceed *in forma pauperis*. Doc. 7. In light of Plaintiff's compliance, the Court **VACATES** its Report and Recommendation. Doc. 6.

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (PLRA), *all* prisoners, even those who are allowed to proceed IFP, must pay the full filing fee of $350.00. 28 U.S.C. § 1915(b)(1). Prisoner IFP litigants must pay an initial partial filing fee of 20 percent of the greater of the average monthly deposits to, or average monthly balance in, the prisoner's account for the 6-month period immediately preceding the filing of the Complaint. Prison officials are then required to collect the balance of the filing fee by deducting 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). This payment shall be forwarded to the Clerk of Court "each

time the amount in plaintiff's account exceeds $10 until the full filing fees are paid." *Id.* The entire filing fee must be paid even if the suit is dismissed at the outset because it is frivolous, malicious, fails to state a claim, or seeks monetary damages against a defendant who is immune from such relief.

In addition to requiring payment of the full filing fee, the PLRA now requires prisoners to exhaust all administrative remedies before challenging "prison conditions" in a civil action. 42 U.S.C. § 1997e; *see* 18 U.S.C. § 3626(g)(2). All prisoner civil rights actions filed after April 26, 1996, are subject to dismissal if the prisoner has not exhausted the available administrative remedies with respect to each claim asserted. Moreover, even if the Complaint is dismissed for failure to exhaust, the prisoner will still be responsible for payment of the full filing fee.

The PLRA also provides that a prisoner cannot bring a new civil action or appeal a judgment in a civil action *in forma pauperis* if the prisoner has on three or more prior occasions, while incarcerated, brought a civil action or appeal in federal court that was dismissed because it was frivolous, malicious, or failed to state a claim upon which relief may be granted. The only exception to this "three strikes" rule is if

the prisoner is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).[1]

Because of these legal parameters, the Court will give Plaintiff an opportunity, at this time, to voluntarily dismiss the Complaint pursuant to Fed. R. Civ. P. 41(a)(1). Such a voluntary dismissal will not require Plaintiff to pay the filing fee or count as a dismissal which may later subject Plaintiff to the three-dismissal rule under section 1915(g).

**IT IS HEREBY ORDERED** that:

(1) Plaintiff must furnish the enclosed **Prisoner Trust Fund Account Statement** to the trust (financial) officer of each prison where he has been confined for the past six months. The trust officer will

---

[1] Plaintiffs are generally required to pay a filing fee in order to institute a civil action in a federal district court. 28 U.S.C. § 1914. Indigent prisoners may avoid *prepayment* of the filing fee under 28 U.S.C. § 1915, but must surmount § 1915(g):

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). A three-striker who fails to show "imminent danger" must pay the complete $350 filing fee when he initiates suit. *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001). Short of that, the court dismisses the Complaint without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

complete and sign the form and return the form and supporting documents to plaintiff for submission to the Court. Two copies of the form are enclosed for this purpose.

(2)   Plaintiff must sign and date the enclosed **Consent to Collection of Fees from Trust Account**. By signing this form, Plaintiff gives his consent to the collection of the entire filing fee from his prison account in installments, in accordance with the provisions of the Prison Litigation Reform Act.

(3)   Plaintiff must return both the **Prisoner Trust Account Statement** and the **Consent to Collection of Fees from Trust Account** to the Clerk within fourteen days of the date this Order is served.

The Clerk of Court is **DIRECTED** to serve along with a copy of this Order (1) a Prisoner Trust Account Statement form, and (2) the Consent to Collection of Fees from Trust Account form.

Plaintiff shall have fourteen days from the service of this Order to fill out and return **both forms**. Once Plaintiff has complied with the conditions of this Order, the Court will review Plaintiff's Complaint to determine which, if any, claims are viable and which, if any, defendants

should be served with a copy of the Complaint. If no response is timely received from Plaintiff, the Court will presume that Plaintiff desires to have this case voluntarily dismissed.

**<u>Failure to comply with this Order within fourteen (14) days of the date this Order is served shall result in the recommendation of dismissal of Plaintiff's case, without prejudice</u>**.

**SO ORDERED,** this 31st day of October, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA