UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| BRANDON SMITH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CV423-283 |
| SHERIFF JOHN T. WILCHER, *et al.*, | ) ) ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Brandon Smith, who is currently detained at the Chatham County Detention Center, has submitted a 42 U.S.C. § 1983 Complaint alleging that his mail is improperly handled. *See generally* doc. 1. After submitting multiple blank applications to proceed *in forma pauperis*, he submitted one that was complete and the Court granted him leave to pursue this case *in forma pauperis* (IFP). *See generally* doc. 8. He returned the required forms. Docs. 9 & 10. Since, as discussed below, the financial information provided shows that his allegation of poverty was untrue, his Complaint should be **DISMISSED**. *See* 28 U.S.C. § 1915(e)(2)(A).

1

Smith's application to proceed IFP stated that he had no income in the past twelve months from any source and had no other available funds. *See* doc. 7 at 1-2. Pursuant to the Court's Order granting IFP, Smith returned a form, completed by a prison official, disclosing his average monthly deposits and balance. *See* doc. 10. That form reflects deposits of over $1,500 since August 2023, averaging approximately $400 per month. *Id.* at 1-3.

The Prison Litigation Reform Act provides that the Court must dismiss a claim at any time if it determines that the allegation of poverty is untrue. 28 U.S.C. § 1915(e)(2)(A). It may also dismiss a case when it determines that a plaintiff has lied or sought to deceive the Court.[1] *See Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997); *Johnson v. Chisolm*, 2011 WL 3319872 at *1 n. 3 (S.D. Ga. Aug. 1, 2011) ("This Court does not hesitate to invoke dismissal and other sanctions against inmates who lie to or otherwise deceive this Court."); *see also Moss v. Premiere Credit of North America*, LLC, 2013 WL 842515, at *1 (11th Cir. Mar. 6,

---

[1] Furthermore, liars may be prosecuted. *See United States v. Dickerson*, CR608-36, doc. 1 (S.D. Ga. Dec. 11, 2008) (§ 2255 movant indicted for perjury for knowingly lying in his motion seeking collateral relief from his conviction); *id.*, doc. 47 (guilty verdict), cited in *Colony Ins. Co. v. 9400 Abercorn, LLC*, 866 F. Supp. 2d 1376, 1378 n. 2 (S.D. Ga. 2012) (collecting sanction cases).

2013) (Denying plaintiff's IFP application on appeal "because her allegation of poverty appear[ed] to be untrue in light of her financial affidavit and filings in the district court.").

To the extent that the balance in Smith's account did not rise above the level necessary to pay the Court's filing fee, prisoners may not proceed *in forma pauperis* merely because their prison trust account balance is insufficient to pay the filing fee as a result of discretionary spending. As another court has observed, "[i]f every inmate were permitted to simply spend funds in the canteen to avoid paying a filing fee, the *in forma pauperis* review would be a waste of judicial time and effort." *Briand v. Florida*, 2006 WL 1890189, at *1 (N.D. Fla. July 10, 2006). It is not surprising, therefore, that the overwhelming weight of authority establishes that courts "may consider the plaintiff's cash flow in the recent past, and the extent to which the plaintiff has depleted his savings on nonessentials." *Alexander v. Carson Adult High School*, 9 F.3d 1448, 1449 (9th Cir. 1993); *see also Reyes v. Fishel,* 996 F.3d 420, 425 (7th Cir. 2021) ("When making [the] determination [of poverty] it is well within a court's discretion to consider the accounting of the prisoner's income and spending over the six months prior to filing.");

*Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995) ("The district judge was entitled to consider [plaintiff's] own economic choices about how to spend his money, as between his filing fee and comforts purchased in the prison commissary . . ."); *Miller v. Brown*, 2013 WL 1346826, at *2 (S.D. Ga. Feb. 21, 2013) ("[W]hen considering a prisoner's affidavit of indigence, the district court may inquire whether, if a prisoner has no cash credit at the moment of filing he had disabled himself by a recent drawing on his account and if so, for what purposes." (internal quotation marks and citation omitted)). As the Seventh Circuit has observed, "[i]f the inmate thinks a more worthwhile use of his funds would be to buy peanuts and candy . . . than to file a civil rights suit, he has demonstrated an implied evaluation of the suit that the district court is entitled to honor." *Lumbert v. Ill. Dept. of Corrs.*, 827 F.2d 257, 260 (7th Cir. 1987).

The Eleventh Circuit has affirmed dismissal under § 1915(e)(2)(A) based on facts not meaningfully distinct from the facts at issue. *See Martin v. United States*, 317 F. App'x 869, 869-70 (11th Cir. 2008). In *Martin*, the Court noted that the plaintiff's affidavit in support of his application to proceed *in forma pauperis* indicated that "he had $33.36 in his prison bank account." *Id.* at 870. Subsequent disclosures revealed

that the plaintiff "had received a total of $1,818 in deposits" in the six months preceding the complaint, and his "average balance for the six-month period of the statement was $233.56 while the average monthly deposit was $303." *Id.* The Court of Appeals affirmed the district court's dismissal. *Id.*

The significant amount of the total and average monthly deposits into Smith's Prisoner Trust Account, *see* doc. 10 at 1-3, support the Court's conclusion that his allegation of poverty is untrue. *See, e.g., Neloms v. St. Lawrence*, 2010 WL 1688554, at *2 (S.D. Ga. Mar. 29, 2010) (dismissing a case under § 1915(e)(2)(A), noting "[o]ver the course of his incarceration, [plaintiff] has accumulated more than enough money to prosecute this action but instead chose to spend those funds on other matters."). Once a plaintiff is proceeding *in forma pauperis* and the Court determines that the allegation of poverty is untrue, dismissal is mandatory. *See, e.g., Pinkston v. Univ. of S. Fla. Bd. of Tr.*, 2016 WL 1238713, at *2 n. 4 (M.D. Fla. Feb. 25, 2016); *Flowers v. Life University*, 2006 WL 562192, at *1 (N.D. Ga. Mar. 7, 2006) (citing *Thomas v. Gen. Motors Acceptance Corp.*, 288 F.3d 305 (7th Cir. 2002)).

Based on Smith's significant deposits, the Court should find that his allegation of poverty is untrue and **DISMISS** this case, pursuant to 28 U.S.C. § 1915(e)(2)(A).[2] This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of

---

[2] As discussed above, the deposit and balance information provided by the account custodian flatly contradicts the information Smith provided, under penalty of perjury in his IFP motion. *Compare* doc. 7 at 2 (listing no funds available "in cash or in a checking or savings account"), *with* doc. 10 at 1 (listing average monthly balance during the prior six months as $22.99). The Court might require Smith to show cause why his case should not be dismissed for misrepresenting his financial information. Since the information provided by his account custodian shows that he is not indigent, his case must be dismissed and any misrepresentation is moot.

rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 15th day of November, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA